# STATE COURT FILE

EXHIBIT

B

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26SL-CC03129 |
| | ) | |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC | ) | |
| | ) | |
|     Defendant. | ) | |

**MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION**

COMES NOW Plaintiff, through undersigned counsel, and moves this Court pursuant to Rule 55.33(a) and 52.06 for leave to file her First Amended Petition. In support, Plaintiff states as follows:

1. Plaintiff filed her Petition on April 15, 2026.

2. Defendant Reliant Care Management Company, LLC ("Defendant") filed its Motion to Dismiss on May 29, 2026.

3. Plaintiff moves this Court for leave to amend her Petition in response to Defendant's Motion to Dismiss.

4. No discovery has been conducted as yet with respect to the original Petition and no trial date has been set, and so no party will be prejudiced by the filing of the First Amended Petition.

5. Leave to amend should be freely granted where justice would be served.

6. Plaintiff is filing her First Amended Petition contemporaneously with this Motion.

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

WHEREFORE, Plaintiff prays that the Court grant her Motion for Leave to File First Amended Petition, order that the First Amended Petition be deemed filed as of the date of the Court's grant of leave and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GARLAND LAW, P.C.**

*/s/ Michael D. Garland*
Michael D. Garland, #74663
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Fax: 314-334-1541
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Annthea Dean***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court's electronic case filing system for service upon all attorneys of record this 5th day of June 2026.

*/s/ Michael D. Garland*

2

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

ANNTHEA DEAN                                  )
                                              )
    Plaintiff,                            )
                                              )
v.                                            )        Case No. 26SL-CC03129
                                              )
RELIANT CARE MANAGEMENT                       )
COMPANY, LLC                                  )
                                              )
    Defendant.                            )

**FIRST AMENDED PETITION**

COMES NOW Plaintiff Annthea Dean ("Plaintiff"), by and through undersigned counsel, for her claims against Defendant Reliant Care Management Company, LLC ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 for sexual harassment retaliation, and states:

**PARTIES**

1.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) et seq.) and alleges retaliation based on sexual harassment.

2.      Plaintiff is an individual with her residence in Lewis County, Missouri.

3.      Defendant is a Missouri corporation with its principal place of business at 1869 Craig Park Dr., St. Louis, Missouri 63146.

4.      Plaintiff was employed by Defendant at its location at 1869 Craig Park Dr., St. Louis, Missouri 63146.

**JURISDICTION AND VENUE**

5.      Defendant's unlawful employment practices complained of herein occurred in St. Louis County, Missouri.

1

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

6.    Jurisdiction and venue are proper in this Court pursuant to RSMo. § 213.111 and 42 U.S.C. § 2000e-5(f)(3), as the acts, occurrences, and events alleged in this action took place, in whole or in part, in St. Louis County, Missouri.

7.    This Court has subject matter jurisdiction over this action pursuant to Article V, Section 14 of the Missouri Constitution and 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964.

## JURISDICTIONAL PREREQUISITES

8.    Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") on August 4, 2025, detailing the allegations and claims of retaliation. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

9.    Defendant was named in Plaintiff's Charge.

10.    On February 17, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

11.    Plaintiff has fully complied with all jurisdictional prerequisites under the EEOC to bring this action.

12.    Plaintiff timely filed her lawsuit against Defendant (the "Petition") on April 15, 2026.

13.    Plaintiff filed her Petition within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

14.    Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

## FACTUAL BACKGROUND

15. Plaintiff began working for Defendant on November 7, 2008, as a Life Enhancement Coordinator.

16. Plaintiff resigned from employment, but after approximately one year was rehired by Defendant in May 2012 with the same job role.

17. Around 2021 Plaintiff was promoted to Creative Services Director.

18. Plaintiff worked for Defendant for 17 years total, with a clean work history, free of any demotions or infractions.

19. On November 29, 2024, another employee of Defendant reported to Plaintiff that she was being sexually harassed.

20. That employee reported to Plaintiff.

21. Plaintiff informed Defendant's Compliance Officer about the employee that was being harassed and emailed the head of Human Resources, the Regional Manager, and the Director of Operations after her call with the Compliance Officer.

22. Three days later, on December 2, 2024, Plaintiff was terminated by Defendant.

23. Defendant provided no cause for the termination.

24. Title VII protects employees reporting sexual harassment on behalf of a subordinate employee.

25. It is a violation of federal law to retaliate against an employee for reporting sexual harassment.

### COUNT I
### Sexual Harassment Retaliation - 42 U.S.C. § 2000e-3(a)

26. Plaintiff incorporates all prior paragraphs.

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

27.     At all relevant times, Defendant was an employer within the meaning of Title VII of the Civil Rights Act of 1964.

28.     Plaintiff was employed by Defendant as a manager and supervised multiple employees, including the employee noted herein who reported sexual harassment to Plaintiff.

29.     On November 29, 2024, Plaintiff reported to HR and management about the employee facing sexual harassment, creating a hostile work environment. This employee reported to Plaintiff.

30.     Plaintiff's reports and opposition to the sexual harassment of this employee constituted protected activity under Title VII.

31.     On December 2, 2024, Defendant terminated Plaintiff.

32.     Plaintiff's termination constituted a materially adverse employment action.

33.     The closeness in time between Plaintiff's complaint and Defendant terminating Plaintiff supports an inference of retaliatory motive.

34.     Any reasons stated by Defendant for terminating Plaintiff were false, pretextual, and not the true reasons for the termination decision.

35.     Defendant would not have terminated Plaintiff's employment but for Plaintiff's protected activity in reporting and opposing the sexual harassment.

36.     Defendant's conduct was intentional, willful, malicious, and/or carried out with reckless indifference to Plaintiff's federally protected rights.

37.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earning capacity, emotional

4

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

distress, suffering, humiliation, embarrassment, inconvenience, mental anguish, loss of enjoyment of life and deprivation of her civil rights.

38.     Plaintiff is entitled to recover back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and all other relief available under Title VII.

WHEREFORE, Plaintiff Annthea Dean prays this court will rule in her favor and against Defendant Reliant Care Management Company, LLC for retaliation based on reporting sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and award Plaintiff actual, compensatory, and/or punitive damages as is deemed fair and reasonable, prejudgment interest, as allowed by law, reasonable attorneys' fees and costs of suit, and for such other relief as this Court deems just, proper and justice requires.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Fax: 314-334-1541
Email: michael@garlandlawpc.com

**Attorney for Plaintiff Annthea Dean**

5

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

EEOC Form 5 (06/22)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

| | | | |
|---|---|---|---|
| Missouri Commission on Human Rights | | | and EEOC |
| State or local Agency, if any | | | |

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev., etc.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Annthea Dean | 573-248-4900 | 1981 |

Street Address, City State and ZIP Code

1304 Wyaconda Ave.,
Canton, MO 63435

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Reliant Care Management Company, L.L.C. | 100+ | |

Street Address, City State and ZIP Code

1869 Craig Park Ct
St. Louis, MO 63146

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Sexual harassment retaliation | November 29, 2024 | December 2, 2024 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked at Reliant for over 20 years, with a clean work history, free of any demotions or infractions. Just four days before I was terminated, without cause, I filed a complaint to HR for sexual harassment on behalf of an employee that reported to me and was fired in retaliation for my complaint.

For specifically, an employee that reported to me had informed me that a coworker had sexual relations with her while she was intoxicated. This coworker then began informing others in the office about the incident. As a result, the male coworkers began making extremely lewd and inappropriate comments to my employee, harassing her daily.

I believe the comments and behavior rose to the level of sexual harassment. As such, I notified Reliant's management team about the inappropriate behavior. Instead of taking steps to deal with the incidents, Reliant terminated my employment. This is clearly in retaliation for asserting claims of an employee facing sexual harassment.

As a result of Reliant's discrimination and retaliation, I suffered financial damages and mental and emotional distress.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7/29/25<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/17/2026

**To:** Ms. Annthea Dean
1304 Wyacona Ave., #202
Saint Louis, MO 63435
Charge No: 560-2025-03504

EEOC Representative and email:    LASANDRA HUGHES-BROWN
EQUAL OPPORTUNITY INVESTIGATOR
LASANDRA.HUGHES-BROWN@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2025-03504.

On behalf of the Commission,

Digitally Signed By:David Davis
02/17/2026

David Davis
District Director

**Cc:**
Michelle McCaulley
Reliant Care Management Company
mmccaulley@reliantcaremgmt.com

Michael Garland
Garland Law PC
101 W. Argonne Dr, #202
SAINT LOUIS, MO 63122

Please retain this Notice for your records.

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

Enclosure with EEOC Notice of Closure and Rights (05/25)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2025-03504 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2025-03504 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - ST LOUIS COUNTY - June 05, 2026 - 08:18 AM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    ANDREW. J. MARTONE, Attorney for Defendant
SERVICE EMAIL:    andym@martonelegal.com


SERVICE PARTY:    ABIGAIL LEE BARNES SCHWAB, Attorney for Defendant
SERVICE EMAIL:    abbyschwab@hessemartone.com, abbys@martonelegal.com

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:22 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 26SL-CC03129 |
| v. | ) | |
| | ) | Division No.: 16 |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

Andrew J. Martone of the law firm Martone Legal, LLC, hereby enters his appearance as lead counsel in this matter on behalf of Defendant Reliant Care Management Company, LLC.

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:    */s/ Andrew J. Martone*

Andrew J. Martone, MO #37382
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone:    (314) 862-0300
Facsimile:    (314) 862-7010
andym@martonelegal.com

*Attorneys for Defendant Reliant Care*
*Management Company, LLC*

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:22 PM

**Certificate of Service**

The undersigned certifies that on May 29, 2026, a true and accurate copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic service to:

Michael D. Garland
Garland Law P.C.
michael@garlandlawpc.com


/s/ Andrew J. Martone

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MICHAEL GARLAND, Attorney for Plaintiff
SERVICE EMAIL:    michael@garlandlawpc.com

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:22 PM

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:24 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 26SL-CC03129 |
| v. | ) | |
| | ) | Division No.: 16 |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

Abigail B. Schwab of the law firm Martone Legal, LLC, hereby enters her appearance in this matter on behalf of Defendant Reliant Care Management Company, LLC.

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:   */s/ Abigail B. Schwab*
Abigail B. Schwab, Mo. Bar  #61129
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone:   (314) 862-0300
Facsimile:   (314) 862-7010
abbys@martonelegal.com

*Attorneys for Defendant Reliant Care*
*Management Company, LLC*

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:24 PM

**<u>Certificate of Service</u>**

The undersigned certifies that on May 29, 2026, a true and accurate copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic service to:

Michael D. Garland, #74663 (MO)
michael@garlandlawpc.com

<i>/s/ Abigail B. Schwab</i>

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MICHAEL GARLAND, Attorney for Plaintiff
SERVICE EMAIL:    michael@garlandlawpc.com

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:24 PM

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 26SL-CC03129 |
| v. | ) | |
| | ) | Division 16 |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RELIANT CARE MANAGEMENT COMPANY, LLC'S
MOTION TO DISMISS PLAINTIFF'S PETITION**

Defendant Reliant Care Management Company, LLC, ("Defendant" or "Reliant Care"), by and through counsel, and pursuant to Rule 55.27(a)(6) of the Missouri Rules of Civil Procedure, hereby submits its Motion to Dismiss Plaintiff's Petition ("Motion").

In support of its Motion, Defendant states as follows:

1.      On April 15, 2026, Plaintiff filed her Petition in which she alleges Reliant Care violated the Missouri Human Rights Act ("MHRA") when it discharged her on December 2, 2024. Petition, ¶¶ 17-23, 28.

2.      Plaintiff's Petition further alleges that her discharge was in retaliation for reporting the alleged sexual harassment of another employee to Defendant's Compliance Officer. Petition, ¶¶ 19, 22-23, 28.

3.      The MHRA requires an individual to timely file a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and receive a right-to-sue letter from the MCHR before bringing a civil action. Without the right to sue letter, the

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

claimant cannot bring an MHRA claim in circuit court. *State ex rel. Naugles v. Missouri Comm'n on Hum. Rts., B.A.*, 561 S.W.3d 48, 56 (Mo. Ct. App. 2018) (citing *State ex rel. Washington Univ. v. Richardson,* 396 S.W.3d 387, 397 (Mo. Ct. App. 2013)); *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006).

4.      In her Petition, Plaintiff alleges that she received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") on February 17, 2026. Petition, ¶ 9 and Exhibit B. However, Plaintiff's Petition does not allege, nor has she other established that she was issued a right-to-sue letter by the MCHR.

5.      By failing to allege or otherwise establish that the MCHR issued Plaintiff a right-to-sue letter for her claims under the MHRA, Plaintiff has failed to meet the prerequisites necessary to bring her MHRA claims in state court because she has not yet exhausted her administrative remedies as required by Mo. Rev. Stat. § 213.010, *et. seq.*

6.      Even if Plaintiff had exhausted her administrative remedies under the MHRA, Plaintiff's MHRA claims are still barred because she failed to timely file her charge of discrimination with the MCHR.

7.      The MHRA requires that an individual file their MHRA charge of discrimination with the MCHR within <u>one hundred eighty (180) days of the alleged act of discrimination</u> before filing a civil action. Mo. Rev. Stat. § 213.075.1 (emphasis added); *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citing *Tart v. Hill Behan Lumber,* 31 F.3d 668, 671 (8th Cir. 1994)).

2

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

8.      In her Petition, Plaintiff alleges that she was discriminated against and retaliated against on December 2, 2024.  Petition, ¶ 20, Exhibit A. However, Plaintiff failed to file her Charge until July 29, 2025, two hundred thirty-nine (239) days after the alleged act of discrimination and/or retaliation. [1] Petition, Exhibit A.

9.      Because Plaintiff failed to timely file her charge of discrimination with the MCHR, her claims under the MHRA should be dismissed as a matter of law. *Bonomo v. Boeing Co.*, 63 F.4th 736, 746 (8th Cir. 2023); *Gillespie v. Charter Commc'ns*, 31 F. Supp. 3d 1030, 1033 (E.D. Mo. 2014); *Holland v. Sam's Club,* 487 F.3d 641, 643 (8th Cir. 2007).

10.      Defendant Reliant Care's Memorandum of Law in Support of its Motion to Dismiss is filed herewith and its arguments are incorporated into this Motion as if fully set forth herein.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Petition with prejudice, award Defendant its costs incurred herein, and grant such other and further relief as the Court deems just and proper.

---

[1] Plaintiff's Charge was signed on July 29, 2025 – making July 29, 2025 the earliest date it could have been filed. Petition, Exhibit A.  However, Plaintiff's Petition alleges that she filed her Charge on August 4, 2025.  Petition, ¶ 7. Regardless of which date is the actual date Plaintiff filed her Charge, Plaintiff's Charge was still filed more than 180 days after the date of the alleged discriminatory act.

3

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:    _/s/ Abigail B. Schwab_
Andrew J. Martone, Mo. Bar #37382
Abigail B. Schwab, Mo. Bar  #61129
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone:      (314) 862-0300
Facsimile:      (314) 862-7010
andym@martonelegal.com
abbys@martonelegal.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ***Defendant Reliant Care Management Company, LLC's Motion to Dismiss Plaintiff's Petition*** was electronically filed with the Clerk of Court on  this 29th day of May, 2026 , to be served by operation of the Court's electronic filing system on:

Michael D. Garland
michael@garlandlawpc.com

***Attorney for Plaintiff***

_/s/ Abigail B. Schwab_

4

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   MICHAEL GARLAND, Attorney for Plaintiff
SERVICE EMAIL:   michael@garlandlawpc.com

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 26SL-CC03129 |
| v. | ) | |
| | ) | Division 16 |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RELIANT CARE MANAGEMENT COMPANY, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S PETITION**

Defendant Reliant Care Management Company, LLC ("Defendant" or "Reliant Care"), submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Petition pursuant to Missouri Rule of Civil Procedure 55.27(a)(6) for failure to state a claim upon which relief may be granted.

**Introduction**

Plaintiff dual-filed a charge of discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). Petition, Exhibit A. In her Charge, Plaintiff alleges that Reliant Care discriminated and retaliated against her when it terminated her employment after she reported that another employee was being sexually harassed. Petition, Exhibit A. The EEOC issued a Notice of Right to Sue on February 17, 2026. Petition, Exhibit B.

On April 15, 2026, Plaintiff filed her Petition against Defendant, alleging sexual harassment retaliation in violation of the Missouri Human Rights Act ("MHRA").

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Specifically, Plaintiff alleges that she was retaliated against when she was discharged from her employment after reporting to Human Resources that another employe was being sexually harassed. Petition, ¶¶ 19-23.

Plaintiff's Petition fails to state a claim under the MHRA because Plaintiff failed to exhaust her administrative remedies when she filed her Petition without first obtaining a right-to-sue letter from the MCHR.  Even if she had properly obtained a notice of right-to-sue from the MCHR, Plaintiff's MHRA claims would nonetheless be barred because Plaintiff failed to timely file her Charge with the MCHR.

Therefore, Plaintiff's Petition should be dismissed with prejudice.

## Legal Standard

A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Murray-Kaplan v. NEC Ins., Inc.*, 617 S.W.3d 485, 491 (Mo. Ct. App. 2021); *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010). Under Missouri law, a petition must contain a short and plain statement of facts showing that the pleader is entitled to relief. Mo. R. Civ. P. 55.05. "A court reviews the petition 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *Murray-Kaplan*, 617 S.W.3d at 491 (quoting *City of Lake St. Louis*, 324 S.W.3d at 759.)

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

## Argument

### I. Plaintiff's claims under the MHRA are barred because she failed to exhaust her administrative remedies.

To bring an action under the MHRA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the MCHR within 180 days of the alleged discriminatory act and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter.   Mo. Rev. Stat. §§ 213.075.1, 213.111(1); *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citing *Tart v. Hill Behan Lumber,* 31 F.3d 668, 671 (8th Cir.1994)). Without the right-to-sue letter from the MCHR, a plaintiff cannot bring a claim under the MHRA in circuit court. *State ex rel. Naugles v. Missouri Comm'n on Hum. Rts., B.A.*, 561 S.W.3d 48, 56 (Mo. Ct. App. 2018) (citing *State ex rel. Washington Univ. v. Richardson,* 396 S.W.3d 387, 397 (Mo. Ct. App. 2013); Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006).

Here, although Plaintiff filed a charge of discrimination with the MCHR, her Petition fails to allege receipt of a right-to-sue notice from the MCHR before commencing this action. *See* Petition, generally. Instead, Plaintiff attempts to rely upon her notice of right-to-sue from the EEOC (*see* Petition, ¶ 9 and Exhibit B) to support her claims under the MHRA.  However, "[a] right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue-letter from the MCHR." *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003) (citing *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir. 1998)).

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Because Plaintiff failed to plead or otherwise establish that she received a right-to-sue letter from the MCHR, Plaintiff has failed to exhaust her administrative remedies and her MHRA claims should be dismissed as a matter of law. *Cason v. St. Louis Pub. Schs.,* No. 4:22-cv-00478-SEP, 2023 WL 2681985, *3 (E.D. Mo. March 29, 2023).

**II. Even if Plaintiff had obtained a notice of right-to-sue notice from the MCHR, her claims under the MHRA are nonetheless barred because she failed to timely file her charge with the MCHR.**

As stated above, the MHRA requires a plaintiff to <u>timely</u> file their claim with the MCHR and receive a right-to-sue letter before bringing their claim to court. Mo. Rev. Stat. §§ 213.075, 213.111(1) (emphasis added). In order to timely file a claim with the MCHR, an individual must file their charge of discrimination within one hundred eighty (180) days of the alleged act of discrimination. Mo. Rev. Stat. § 213.075. Missouri courts have held that failure to timely file a complaint with the MCHR within 180 days of the alleged act of discrimination may be raised as a complete defense to a claim brought under the MHRA and will result in dismissal of the allegations related to the charge. *Bonomo v. Boeing Co.*, 63 F.4th 736, 746 (8th Cir. 2023); *Gillespie v. Charter Commc'ns*, 31 F. Supp. 3d 1030, 1033 (E.D. Mo. 2014); *Holland v. Sam's Club,* 487 F.3d 641, 643 (8th Cir. 2007).

Plaintiff's Petition alleges that Defendant discriminated and retaliated against her when it terminated her employment on December 2, 2024.  Petition, ¶¶ 17-20, 28-32. However, Plaintiff failed to file her Charge within 180 days of the alleged act of

4

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

discrimination – the termination of her employment, instead waiting until July 29, 2025[1] to file her Charge (Petition, Exhibit A) -- two hundred thirty-nine (239) days after the last alleged discriminatory act.

Plaintiff's failure to timely file her Charge with the MCHR is fatal and Plaintiff's MHRA claims should be dismissed with prejudice. *Bonomo*, 63 F.4th 736; *Gillespie*, 31 F. Supp. 3d 1030; *Holland*, 487 F.3d 641.

## Conclusion

For the reasons set forth above, Plaintiff's Petition fails to state a claim under the MHRA and should be dismissed with prejudice.

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:   */s/Abigail B. Schwab*
Andrew J. Martone, Mo. Bar #37382
Abigail B. Schwab, Mo. Bar  #61129
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone:      (314) 862-0300
Facsimile:      (314) 862-7010
andym@martonelegal.com
abbys@martonelegal.com

***Attorneys for Defendant***

---

[1] Plaintiff's Charge was signed on July 29, 2025 – making July 29, 2025 the earliest date it could have been filed. Petition, Exhibit A.  However, Plaintiff's Petition alleges that she filed her Charge on August 4, 2025.  Petition, ¶ 7. Regardless of which date is the actual date Plaintiff filed her Charge, Plaintiff's Charge was still filed more than 180 days after the date of the alleged discriminatory act.

5

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ***Defendant Reliant Care Management Company, LLC's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Petition*** was electronically filed with the Clerk of Court on this 29th day of May, 2026, to be served by operation of the Court's electronic filing system on:

Michael D. Garland
michael@garlandlawpc.com

***Attorney for Plaintiff***

<u>      /s/ Abigail B. Schwab      </u>

6

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:    MICHAEL GARLAND, Attorney for Plaintiff
SERVICE EMAIL:    michael@garlandlawpc.com

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 12:50 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Saint Louis**                **Circuit Court**

Case Number: 26SL-CC03129

Plaintiff/Petitioner:
**ANNTHEA DEAN**

vs.

Defendant/Respondent:
**RELIANT CARE MANAGEMENT COMPANY, LLC**

Received by HPS Process Service & Investigations to be served on **Reliant Care Management Company, LLC c/o Robert J. Craddick, 1869 Craig Park Court, St. Louis, MO 63146.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **30th day of April, 2026 at 12:15 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case and Petition** to **Barbara Barrett, Chief Compliance Officer** at the address of **1869 Craig Park Court, St. Louis, MO 63146.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Subscribed and Sworn to before me on the _15_ day
of _____, 2026 by the affiant who is
personally known to me.

NOTARY PUBLIC

MY COMMISSION EXPIRES
2-8-2029
NOTARY SEAL
#17302353
LINCOLN COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

Our Job Serial Number: HAT-2026007750

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 12:50 PM



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFERY THOMAS MCPHERSON | Case Number: **26SL-CC03129** |
| Plaintiff/Petitioner:<br>ANNTHEA DEAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122 |
| Defendant/Respondent:<br> RELIANT CARE MANAGEMENT<br>COMPANY, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File<br>Stamp for<br>Return) |

**The State of Missouri to:   RELIANT CARE MANAGEMENT COMPANY, LLC**
**Alias:**
**1869 CRAIG PARK CT.**
**ROBERT J CRADDICK**
**ST. LOUIS, MO  63146**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| | |
|---|---|
| 23-APR-2026<br>Date | /S/ Adam Dockery<br>Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03129

Electronically Filed - ST LOUIS COUNTY - May 18, 2026 - 12:50 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:

__Barbara Barrett__ (name) __Chief Compliance Officer__ (title).

☐ other: _____.

Served at __1869 CRAIG PARK CT, ST LOUIS MO 63146__ (address)

in __ST Louis__ (County/City of St. Louis), MO, on __4/30/2026__ (date)

at __1215pm__ (time).

_____Martin Hueckel_____          _____Martin Hueckel_____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on __5/05/2026__ (date).

*(Seal)*          My commission expires: __3/14/28__          _____Nick Zotti_____
                                         Date                                        Notary Public

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
My Commission Expires: Mar. 14, 2029
Commission #13460023

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFERY THOMAS MCPHERSON | **Case Number:  26SL-CC03129** |
| Plaintiff/Petitioner:<br>ANNTHEA DEAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO  63122 |
| Defendant/Respondent:<br> RELIANT CARE MANAGEMENT<br>COMPANY, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File<br>Stamp for<br>Return) |

**The State of Missouri to:**   **RELIANT CARE MANAGEMENT COMPANY, LLC**
**Alias:**
**1869 CRAIG PARK CT.**
**ROBERT J CRADDICK**
**ST. LOUIS, MO  63146**

   **Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

| | |
|---|---|
| 23-APR-2026 | /S/ Adam Dockery |
| Date | Clerk |

*ST. LOUIS COUNTY*

**Further Information:**
AD

**Case Number: 26SL-CC03129**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
         Printed Name of Officer or Server                            Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                Date                            Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.   The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.   An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.   The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - April 22, 2026 - 11:28 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

Annthea Dean
_____
Plaintiff/Petitioner

vs.

Reliant Care Management Company, LLC
_____
Defendant/Respondent

April 22, 2026
_____
Date

26SL-CC03129
_____
Case Number

_____
Division

┌                                    ┐
                For File Stamp Only


└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff, by and through undersigned counsel,_____, pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Martin Hueckel (HPS Process Service & Investigations)    6642 Clayton Road, Suite 243, Richmond Heights, MO 63117    314-881-8310
Name of Process Server                                   Address                                                      Telephone

_____
Name of Process Server                                   Address or in the Alternative                                Telephone

_____
Name of Process Server                                   Address or in the Alternative                                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Robert J. Craddick
_____
Name
1869 Craig Park Court
_____
Address
St. Louis, MO 63146
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
        Deputy Clerk

_____
Date

_____
Signature of Attorney/Plaintiff/Petitioner
74663
_____
Bar No.
101 W. Argonne Dr, #202
_____
Address
(314) 332-6228
_____
Phone No.                           Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - April 22, 2026 - 11:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - April 22, 2026 - 11:28 AM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

**Annthea Dean**
Plaintiff/Petitioner

vs.

**Reliant Care Management Company, LLC**
Defendant/Respondent

April 22, 2026
Date

26SL-CC03129
Case Number

Division

┌　　　　　　　　　　　┐
　　　For File Stamp Only

└　　　　　　　　　　　┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___Plaintiff, by and through undersigned counsel,_____, pursuant
　　　　　　　　　　　　　　　Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Martin Hueckel (HPS Process Service & Investigations)    6642 Clayton Road, Suite 243, Richmond Heights, MO 63117    314-881-8310
Name of Process Server                                    Address                                                   Telephone

Name of Process Server                                    Address or in the Alternative                             Telephone

Name of Process Server                                    Address or in the Alternative                             Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
　Robert J. Craddick
Name
　1869 Craig Park Court
Address
　St. Louis, MO 63146
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**

By _____/S/ Adam Dockery_____
　Deputy Clerk

　　　04/23/2026
_____
Date

_Signature of Attorney/Plaintiff/Petitioner_
74663
Bar No.
101 W. Argonne Dr, #202
Address
(314) 332-6228
Phone No.                                    Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - April 22, 2026 - 11:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/22

**26SL-CC03129**

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| ANNTHEA DEAN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RELIANT CARE MANAGEMENT | ) |
| COMPANY, LLC | ) |
|     **Serve:** Registered Agent: | ) |
|     Craddick, Robert J. | ) |
|     1869 Craig Park Court | ) |
|     St. Louis, MO 63146 | ) |
| | ) |
|     Defendant. | ) |

**PETITION**

COMES NOW Plaintiff Annthea Dean ("Plaintiff"), by and through undersigned counsel, for her claims against Defendant Reliant Care Management Company, LLC ("Defendant"), pursuant to RSMo. §§ 213.055 and 213.070 for sexual harassment retaliation, and states:

**PARTIES**

1. Plaintiff brings this action under the Missouri Human Rights Act, RSMo. § 213.010, et. seq. ("MHRA") and alleges retaliation based on sexual harassment.

2. Plaintiff is an individual with her residence in Lewis County, Missouri.

3. Defendant is a Missouri corporation with its principal place of business at 1869 Craig Park Dr., St. Louis, Missouri 63146.

4. Plaintiff was employed by Defendant at its location at 1869 Craig Park Dr., St. Louis, Missouri 63146.

1

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

## JURISDICTION AND VENUE

5.     Defendant's unlawful employment practices complained of herein occurred in St. Louis County, Missouri, therefore jurisdiction and venue are proper in this Court.

6.     Venue is proper in this Court pursuant to RSMo. § 213.111, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in St. Louis County, Missouri.

## JURISDICTIONAL PREREQUISITES

7.     Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") on August 4, 2025, detailing the allegations and claims of retaliation. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

8.     Defendant was named in Plaintiff's Charge.

9.     On February 17, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

10.    Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action.

11.    Plaintiff is timely filing this action within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

12.    Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

## FACTUAL BACKGROUND

13.    Plaintiff began working for Defendant on November 7, 2008, as a Life Enhancement Coordinator.

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

14. Plaintiff resigned employment for about a year, and was rehired by Defendant in May 2012 with the same job role.

15. Around 2021 Plaintiff was promoted to Creative Services Director.

16. Plaintiff worked for Defendant for 17 years total, with a clean work history, free of any demotions or infractions.

17. On November 29, 2024, another employee of Defendant reported to Plaintiff that she was being sexually harassed.

18. That employee reported to Plaintiff.

19. Plaintiff informed Defendant's Compliance Officer about the employee that was being harassed and emailed the head of Human Resources, the Regional Manager, and the Director of Operations after her call with the Compliance Officer.

20. Three days later, on December 2, 2024, Plaintiff was terminated by Defendant.

21. Defendant provided no cause for the termination.

22. The MHRA protects employees reporting sexual harassment on behalf of a subordinate employee.

23. It is a violation of Missouri law to retaliate against an employee for reporting sexual harassment.

### COUNT I – Sexual Harassment Retaliation

24. Plaintiff incorporates all prior paragraphs.

25. Plaintiff is a "person" as defined under the MHRA.

26. Defendant is an "employer" as defined under the MHRA.

27. Sexual harassment creating a hostile work environment is a practice prohibited by the MHRA RSMo. § 213.010, et. seq.

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

28.     Pursuant to RSMo. § 213.070, it is unlawful for an employer to "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter."

29.     Plaintiff complained to HR and management about an employee facing sexual harassment, creating a hostile work environment.

30.     As a direct result, Plaintiff suffered damages due to an act of reprisal from Defendant.

31.     The closeness in time between Plaintiff's complaint and Defendant terminating Plaintiff supports an inference of retaliatory motive.

32.     As a result of Defendant's retaliation, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of lost wages and benefits of employment, future lost wages and earnings, emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, embarrassment, loss of enjoyment of life and deprivation of her civil rights.

33.     The actions of Defendant in retaliating against Plaintiff in direct violation of Missouri statutes was done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

34.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant, as provided in RSMo. § 213.111.2.

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

WHEREFORE Plaintiff Annthea Dean prays this court will rule in her favor and against Defendant Reliant Care Management Company, LLC for retaliation based on reporting sexual harassment in violation of RSMo. § 213.010, et. seq., and award Plaintiff actual, compensatory, and/or punitive damages in such an amount in excess of $25,000.00 as is deemed fair and reasonable, prejudgment interest, as allowed by law, reasonable attorneys' fees and costs of suit, and for such other relief as this Court deems just, proper and justice requires.

Respectfully,

/s/ Michael D. Garland
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

**Attorney for Plaintiff Annthea Dean**

5

26SL-CC03129

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

EEOC Form 5 (06/22)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | | |

| Missouri Commission on Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev., etc.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Annthea Dean | 573-248-4900 | 1981 |

| Street Address, City State and ZIP Code |
|---|
| 1304 Wyaconda Ave.,<br>Canton, MO 63435 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Reliant Care Management Company, L.L.C. | 100+ | |

| Street Address, City State and ZIP Code |
|---|
| 1869 Craig Park Ct<br>St. Louis, MO 63146 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address, City, State and ZIP Code |
|---|
| |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Sexual harassment retaliation | November 29, 2024 | December 2, 2024 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I worked at Reliant for over 20 years, with a clean work history, free of any demotions or infractions. Just four days before I was terminated, without cause, I filed a complaint to HR for sexual harassment on behalf of an employee that reported to me and was fired in retaliation for my complaint.

For specifically, an employee that reported to me had informed me that a coworker had sexual relations with her while she was intoxicated. This coworker then began informing others in the office about the incident. As a result, the male coworkers began making extremely lewd and inappropriate comments to my employee, harassing her daily.

I believe the comments and behavior rose to the level of sexual harassment. As such, I notified Reliant's management team about the inappropriate behavior. Instead of taking steps to deal with the incidents, Reliant terminated my employment. This is clearly in retaliation for asserting claims of an employee facing sexual harassment.

As a result of Reliant's discrimination and retaliation, I suffered financial damages and mental and emotional distress.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7/29/25<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**26SL-CC03129**

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website:  www.eeoc.gov

## <u>NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)</u>
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/17/2026

**To:** Ms. Annthea Dean
1304 Wyacona Ave., #202
Saint Louis, MO 63435
Charge No: 560-2025-03504

EEOC Representative and email:   LASANDRA HUGHES-BROWN
EQUAL OPPORTUNITY INVESTIGATOR
LASANDRA.HUGHES-BROWN@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2025-03504.

On behalf of the Commission,

Digitally Signed By:David Davis
02/17/2026
_____
David Davis
District Director

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

**Cc:**
Michelle McCaulley
Reliant Care Management Company
mmccaulley@reliantcaremgmt.com

Michael Garland
Garland Law PC
101 W. Argonne Dr, #202
SAINT LOUIS, MO 63122


Please retain this Notice for your records.

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2025-03504 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2025-03504 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Electronically Filed - St Louis County - April 15, 2026 - 03:02 PM