Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ANNTHEA DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 26SL-CC03129 |
| v. | ) | |
| | ) | Division 16 |
| RELIANT CARE MANAGEMENT | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RELIANT CARE MANAGEMENT COMPANY, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S PETITION**

Defendant Reliant Care Management Company, LLC, ("Defendant" or "Reliant Care"), by and through counsel, and pursuant to Rule 55.27(a)(6) of the Missouri Rules of Civil Procedure, hereby submits its Motion to Dismiss Plaintiff's Petition ("Motion").

In support of its Motion, Defendant states as follows:

1.     On April 15, 2026, Plaintiff filed her Petition in which she alleges Reliant Care violated the Missouri Human Rights Act ("MHRA") when it discharged her on December 2, 2024. Petition, ¶¶ 17-23, 28.

2.     Plaintiff's Petition further alleges that her discharge was in retaliation for reporting the alleged sexual harassment of another employee to Defendant's Compliance Officer. Petition, ¶¶ 19, 22-23, 28.

3.     The MHRA requires an individual to timely file a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and receive a right-to-sue letter from the MCHR before bringing a civil action. Without the right to sue letter, the

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

claimant cannot bring an MHRA claim in circuit court. *State ex rel. Naugles v. Missouri Comm'n on Hum. Rts., B.A.*, 561 S.W.3d 48, 56 (Mo. Ct. App. 2018) (citing *State ex rel. Washington Univ. v. Richardson,* 396 S.W.3d 387, 397 (Mo. Ct. App. 2013)); *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Human Rights*, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006).

4.     In her Petition, Plaintiff alleges that she received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") on February 17, 2026. Petition, ¶ 9 and Exhibit B. However, Plaintiff's Petition does not allege, nor has she other established that she was issued a right-to-sue letter by the MCHR.

5.     By failing to allege or otherwise establish that the MCHR issued Plaintiff a right-to-sue letter for her claims under the MHRA, Plaintiff has failed to meet the prerequisites necessary to bring her MHRA claims in state court because she has not yet exhausted her administrative remedies as required by Mo. Rev. Stat.  § 213.010, *et. seq.*

6.     Even if Plaintiff had exhausted her administrative remedies under the MHRA, Plaintiff's MHRA claims are still barred because she failed to timely file her charge of discrimination with the MCHR.

7.     The MHRA requires that an individual file their MHRA charge of discrimination with the MCHR within one hundred eighty (180) days of the alleged act of discrimination before filing a civil action. Mo. Rev. Stat. § 213.075.1 (emphasis added); *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citing *Tart v. Hill Behan Lumber,* 31 F.3d 668, 671 (8th Cir. 1994)).

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

8.    In her Petition, Plaintiff alleges that she was discriminated against and retaliated against on December 2, 2024.  Petition, ¶ 20, Exhibit A. However, Plaintiff failed to file her Charge until July 29, 2025, two hundred thirty-nine (239) days after the alleged act of discrimination and/or retaliation. [1] Petition, Exhibit A.

9.    Because Plaintiff failed to timely file her charge of discrimination with the MCHR, her claims under the MHRA should be dismissed as a matter of law. *Bonomo v. Boeing Co.*, 63 F.4th 736, 746 (8th Cir. 2023); *Gillespie v. Charter Commc'ns*, 31 F. Supp. 3d 1030, 1033 (E.D. Mo. 2014); *Holland v. Sam's Club,* 487 F.3d 641, 643 (8th Cir. 2007).

10.    Defendant Reliant Care's Memorandum of Law in Support of its Motion to Dismiss is filed herewith and its arguments are incorporated into this Motion as if fully set forth herein.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Petition with prejudice, award Defendant its costs incurred herein, and grant such other and further relief as the Court deems just and proper.

---

[1] Plaintiff's Charge was signed on July 29, 2025 – making July 29, 2025 the earliest date it could have been filed. Petition, Exhibit A.  However, Plaintiff's Petition alleges that she filed her Charge on August 4, 2025.  Petition, ¶ 7. Regardless of which date is the actual date Plaintiff filed her Charge, Plaintiff's Charge was still filed more than 180 days after the date of the alleged discriminatory act.

Electronically Filed - ST LOUIS COUNTY - May 29, 2026 - 03:28 PM

Respectfully submitted,

**MARTONE LEGAL, LLC**

By:  _/s/ Abigail B. Schwab_
Andrew J. Martone, Mo. Bar #37382
Abigail B. Schwab, Mo. Bar  #61129
600 Emerson Rd., Suite 205
Creve Coeur, MO 63141
Telephone:      (314) 862-0300
Facsimile:      (314) 862-7010
andym@martonelegal.com
abbys@martonelegal.com

***Attorneys for Defendant***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ***Defendant Reliant Care Management Company, LLC's Motion to Dismiss Plaintiff's Petition*** was electronically filed with the Clerk of Court on  this 29th day of May, 2026 , to be served by operation of the Court's electronic filing system on:

Michael D. Garland
michael@garlandlawpc.com

***Attorney for Plaintiff***

_/s/ Abigail B. Schwab_

4